CHARLES H. MITCHELL, Appellee, v. WILLIAM GRAVER, Appellant.

**Partition fences**: CONSTRUCTION OF TIGHT FENCE. Under the present statutes governing the building of partition fences, an owner who has made his portion of the fence tight can require the adjoining owner to construct his portion in a like tight manner, regardless of whether he uses his land for pasturing sheep and swine or for cultivation.

*Appeal from Cedar District Court.*—HON W. N. TREICHLER, Judge.

WEDNESDAY, JANUARY 15, 1913.

THIS is a controversy over a partition fence, and the construction of the statute in regard to such fences. There was a judgment against defendant, and he appeals.—*Affirmed.*

*Chas. W. Kepler & Son,* for appellant.

*C. J. Lynch,* for appellee.

PRESTON, J.—The case was tried on an agreed statement of facts. The sole question for determination is whether one adjoining landowner, in this case the plaintiff, who has fully complied with chapter 138, Acts 33d General Assembly by making his portion of the partition fence tight as therein defined, can require the other adjoining owner (defendant) to construct his portion. in like tight manner, when he, defendant, is not and has not been using, and is not desirous of using, his land for pasturing sheep or swine, but where he is using said land for pasturing, and cultivating the same. The district court by its judgment answered this question in the affirmative, and required defendant to make his part of the fence a tight fence as defined by the staute. Chapter 138, Acts 33d General Assembly repealed section 2367 of the Code, and was substituted therefor. The first part of the old section and the substitute are the same and define a lawful fence, but the repealed section did not define a tight fence. In the new law the following provision is found which is not in the old: "Provided, however, that all partition fences may be made tight by the party desiring it, and, when his portion is so completed and securely fastened to good substantial posts, set firmly in the ground, not more than twenty (20) feet apart, the adjoining property owner shall construct his portion of the adjoining fence, in a like tight maner, same to be securely fastened to good substantial posts, set firmly in the ground not more than twenty (20) feet apart." is not in the old: "Provided, however, that all partition fence, and continues thus: "In case adjoining owners or occupants of land shall use the same for pasturing sheep or swine, each shall keep his share of the partition fence in such condition as shall restrain such sheep or swine." This language last quoted is also found in the old section. The old section provided that "all partition fences may be made tight by the party desiring it, and at his election, the added material may be removed." This was omitted in the new and in its place was enacted the provision first quoted. Ex-

cept for this change, and the definition of a tight fence, the new statute is the same as the old.

It is apparent that in repealing the old section and enacting the substitute, the Legislature had two purposes in view: First, to define a tight fence, and, second, instead of requiring a person desiring it to make tight the entire partition fence at his own expense, with the privilege of removing the added material, to provide that "all partition fences may be made tight, by the party desiring it, and when his portion is so completed . . . the adjoining property owner shall construct his portion of the adjoining fence in like tight manner," etc. It is appellant's contention that this last provision is in conflict with the later provision in the statute heretofore quoted in regard to each keeping his fence in condition to restrain sheep or swine, and that, in order to construe this law as the trial court did, it is necessary to read out of the statute the later provision. He makes a further claim, and states it this way: "We construe this new statute to mean that, when an adjoining landowner desires to make his part of the partition fence tight, the law points out in what manner he shall make it tight; and then, in case the adjoining owners or occupants of land shall use the same for pasturing sheep or swine, he shall make his portion of the partition fence tight in like manner." In this we cannot concur as to either proposition. It seems to us this would be a strained construction. As to the last proposition the trouble is the statute does not so read. The sum of it all is that where one desires to make his fence tight, and does so, the other must make his fence tight. Nor do we think there is any conflict in the two clauses. There is no conflict in these two provisions, any more than there was in the old statute, which read, as we have heretofore stated, "all partition fences may be made tight by the party desiring it, and at his election, the added material may be removed," and the provision as it appears in both the old and new section, which we have quoted, as to each owner or occupant keeping his share of

the fence in condition to restrain sheep and swine, where each landowner or occupant so uses his land. The first clause in controversy has reference to owners and the other to owners or occupants. Two contingencies are provided for by this new statute—two classes of cases. In the first the statute deals with all partition fences without regard to the use made of the land, and if one owner desires a tight partition fence, and so builds his portion, the other owner must construct his portion in like tight manner. The second class has to do with lands on which sheep and swine are pastured by the owners or occupants, and in such a case each must keep his share in such condition as shall restrain such animals. This case, according to the agreed statement of facts, comes within the first class, so that the latter provision of the statute has no application to the facts here, but there is no conflict between the two clauses referred to. Construing the new act as we do gives force to all its parts, and is such a construction as to accomplish the purposes and intention of the Legislature.

We think the action of the trial court was right, and the judgment is therefore *Affirmed*.